

**United States Department of Justice**

*William J. Powell*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

September 19, 2018                    **FILED**

                                      SEP 2 1 2018

Brian Bailey, Esq.          Shawn A. Morgan, Esq.
17 W. Main St.              400 White Oaks Blvd.        U.S. DISTRICT COURT
Buckhannon, WV 26021        Bridgeport, WV 26330          ELKINS WV 26241

Re: *United States v. Ian Michael Toothman*     Criminal No.

Dear Mr. Bailey and Ms. Morgan:

        This will confirm conversations with you concerning your client, Ian Michael Toothman (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

        It is agreed between the United States and your client as follows:

*Aiding & Abetting*

        1.      The defendant [Mr. Toothman] will waive his right to have his case presented to a Federal Grand Jury and plead guilty to Count One of the Information filed in this District charging him with **Production of Child Pornography**, in violation of Title 18, United States Code, Sections 2251(a) & (e) *and 2.*

        2.      The maximum penalty for Count One, to which the defendant will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is: imprisonment for a period of **not less than (15) fifteen years and not more than (30) thirty years,** a fine of $250,000.00, and a term of **(5) five years** or lifetime supervised release (18 U.S.C. §3583(k)).

        It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by

_____        _____
Ian Michael Toothman                    Date  9/21/18

_____        _____
Brian Bailey, Esq., Counsel for Defendant    Date  09-21-18

_____        _____
Shawn A. Morgan, Esq., Co-counsel for Defendant    Date  9-21-18

                                                              - 1 -

money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation. Finally, the defendant is aware that, unless he is determined to be indigent, he will be required to pay an additional special assessment of $5,000.00 pursuant to the Justice for Victims of Trafficking Act. [18 U.S.C. § 3014(a)(3)]

       3.     Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

       4.     A.     Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

              B.     This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

              C.     In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

       5.     At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

       6.     There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these

_____
Ian Michael Toothman

_____
Brian Bailey, Esq., Counsel for Defendant

_____
Shawn A. Morgan, Esq., Co-counsel for Defendant

9/21/18
Date

09-21-18
Date

9-21-18
Date

sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7.      The United States will make the following **nonbinding** recommendations:

A.      If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

B.      Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and** if he complies with all the requirements of this agreement, **and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant signs the plea agreement on or before **September 21, 2018** and returns an executed copy to the United States by 12:00 PM that day;

C.      The United States will recommend that any sentence of incarceration imposed be at the low end of the applicable Guidelines range.

8.      If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9.      Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, from on or about December 29, 2017 to on or about December 30, 2017, the defendant, Ian Michael Toothman did knowingly use a minor, to wit: an (8) eight year-old boy, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. The parties agree in their estimation that the defendant's Base Offense Level will be determined by U.S.S.G. § 2G2.1(a). The parties also agree that the Specific Offense Characteristic articulated in U.S.S.G. § 2G2.1(b)(1)(A) applies because the depicted minor was under the age of twelve. The parties further agree that the Specific Offense Characteristic articulated in U.S.S.G. § 2G2.1(b)(2)(A) applies because the offense involved the commission of a sexual act or sexual contact. The parties also stipulate that the Specific Offense Characteristic set forth in U.S.S.G. § 2G2.1(b)(5) would apply because the defendant was a parent of the minor involved in the offense. Finally, the parties agree that the Specific Offense

_____
Ian Michael Toothman

_____
Brian Bailey, Esq., Counsel for Defendant

_____
Shawn A. Morgan, Esq., Co-counsel for Defendant

9/21/18
Date

09-21-18
Date

9-21-18
Date

- 3 -

Characteristic articulated in U.S.S.G. § 2G2.1(b)(3) applies because the defendant distributed child pornographic images of a (9) year-old girl.  There are no other applicable Specific Offense Characteristics, Cross References or Adjustments.

The parties understand that, pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same.  Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

10.    Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

A.    Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B.    The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C.    To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

| | |
|---|---|
| Ian Michael Toothman | 9/21/18 <br> Date |
| Brian Bailey, Esq., Counsel for Defendant | 09-21-18 <br> Date |
| Shawn A. Morgan, Esq., Co-counsel for Defendant | 9-21-18 <br> Date |

- 4 -

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

11.    The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

12.    The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld

_____        9/21/18
Ian Michael Toothman                                Date

_____        09-21-18
Brian Bailey, Esq., Counsel for Defendant           Date

_____        9-21-18
Shawn A. Morgan, Esq., Co-counsel for Defendant     Date

from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

13.     Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

14.     If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

15.     The defendant states that he is the sole and rightful owner of the following property, and warrants that such property was used or intended to be used to commit or to promote the commission of his offense of conviction: a Samsung SM-J727V, IMEI 352716086234536 smart phone; and a Cyber Power computer tower, Serial No. 9SU8U23FSWK7.

The defendant agrees to the forfeiture of the above-described property and voluntarily abandons all right, title, interest, and claim in such property in order that the appropriate disposition may be made thereof. The defendant consents to the destruction or any other disposition of the property without further notice or obligation whatsoever owing the defendant. The defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment.

16.     The defendant has been advised and understands that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of the defendant's residence; the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, address of residence, and the names and addresses of any places where the defendant will be employed or a student. The defendant further understands that he must update his registrations within three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.


_____          9/21/18
Ian Michael Toothman                       Date

_____          09-21-18
Brian Bailey, Esq., Counsel for Defendant   Date

_____          9. 21-18
Shawn A. Morgan, Esq., Co-counsel for Defendant   Date

- 6 -

17.     The above (16) sixteen paragraphs constitute the entire agreement between Defendant and the United States of America in this matter.  **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. POWELL
United States Attorney

By:      David J. Perri
         Assistant United States Attorney

As evidenced by my signature at the bottom of the (7) seven pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Ian Michael Toothman

Date   9/21/18

Brian Bailey, Esq., Counsel for Defendant

Date   09-21-18

Shawn A. Morgan, Esq., Co-counsel for Defendant

Date   9-21-18